**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNA RASHO HASSO, | No. 13-16268 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00383-SMM |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Submitted September 17, 2015[**]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Denna Rasho Hasso appeals from the Social Security Administration's denial of her application for disability insurance benefits.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Hasso claims that the agency erred by according minimal weight to the assessment offered by Dr. Cerato, one of her treating physicians.  Dr. Cerato's assessment directly conflicted with the opinion evidence offered by seven doctors, two of whom were also Hasso's treating physicians.  Substantial evidence supported the ALJ's conclusion that Dr. Cerato's opinion was "not supported by the treatment records or by the activities of daily living."  Hasso testified to performing daily activities that are inconsistent with Dr. Cerato's assessment.  Further, Dr. Cerato's own treating records from Hasso's most recent appointment state that Hasso was "[i]n no acute distress," "[d]enie[d] bone pain, muscle pain, bilateral hand and right wrist joint pain," and had "[n]o headache" or "extrem[e] weakness."  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The incongruity between [treating physician]'s Questionnaire responses and her medical records provides an additional specific and legitimate reason for rejecting [her] opinion of [appellant's] limitations.").  Dr. Cerato treated Hasso for less than a year, and just five months before he offered his assessment, he told Hasso that he

---

[1]      The parties are familiar with the facts, so we do not recount them here.

was not qualified to provide a disability letter for her. Against these facts, we conclude that there was no error in the agency's decision to accord minimal weight to Dr. Cerato's assessment. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

2.    Hasso also challenges the agency's determination that her symptom testimony lacked credibility. The agency offered clear and convincing reasons to support its credibility finding, pointing to inconsistencies in Hasso's daily activities, her refusal of mental health treatment, her work history, her receipt of unemployment benefits, her financial motivations, and the lack of objective causes for her claimed symptoms. Those reasons are "supported by substantial evidence in the record," *see Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), and "sufficiently specific to allow [us] to conclude the adjudicator rejected the claimant's testimony on permissible grounds," *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

3.    Because we find no legal error in the agency's decisions to accord minimal weight to Dr. Cerato's assessment and to discredit Hasso's symptom testimony, we see no reason to credit as true the rejected evidence and remand for an award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

**AFFIRMED.**

3